Argued and submitted August 13, reversed and remanded September 24, 1997

# STATE OF OREGON,
*Appellant,*

*v.*

# KEVIN NEAL,
*Respondent.*

## (CR6-0427; CA A94609)

945 P2d 637

Douglas F. Zier, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Hari Nam S. Khalsa, Deputy Public Defender, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

**LEESON, J.**

In this prosecution for driving under the influence of intoxicants (DUII), ORS 813.010, the state appeals from the trial court's pretrial order suppressing evidence. ORS 138.060(3). We review for errors of law, ORS 138.220, and reverse and remand.

On February 9, 1996, Bend Police Officer Campbell arrested defendant for DUII and advised him of his right to counsel. Defendant chose not to exercise that right. At the time of his arrest, defendant asked that his car keys be taken to his landlord, Mark Reinecke, who is an attorney. In the past, Reinecke had given defendant free legal advice, but the trial court found that Reinecke did not have an attorney-client relationship with defendant on February 9, 1996.

When Reinecke learned that defendant had been arrested, he drove to the Bend Police Department to contact defendant. However, defendant had been taken to the Deschutes County Jail. Reinecke placed a telephone call to that jail and was informed that defendant was there. Reinecke told the employee who answered the phone that he was defendant's attorney and that he wanted to talk with him. The employee responded that it was not possible to transfer the call to the booking room, but that she would take a message to defendant. One minute after Reinecke concluded his call requesting to speak to defendant, defendant submitted to a breathalyzer test. Defendant then was booked and released. He never was advised that Reinecke had attempted to contact him.

Defendant moved to suppress the breathalyzer test results and any statements he made in response to custodial interrogation after Reinecke attempted to contact him. He argued there, as he does here, that even if an accused has waived his right to silence, "once an attorney contacts police authorities asking to speak to the accused, interrogation must cease and the accused must be apprised of that information." The trial court granted defendant's motion to suppress. It reasoned that

"Mr. Reinecke's request to the employee of the jail to speak to [defendant], invoked [defendant's] right to counsel and

the knowledge of that request was imputed to the arresting officer. * * *

"Since Mr. Reinecke's request came before the administration of the breath test, [defendant] should have been told that Mr. Reinecke was trying to speak to him before the breath test was administered. Because [defendant] was not told of Mr. Reinecke's efforts, I find the state has failed to meet its burden to prove that [defendant], freely, voluntarily, and intelligently waived his right to counsel."

The state assigns error to the trial court's granting of defendant's motion to suppress evidence of the breathalyzer test results and his statements. The state argues that, under Article I, section 12, of the Oregon Constitution,[1] suppression of the evidence is not required, because Reinecke did not have a current attorney-client relationship with defendant and, therefore, as a "mere interloping attorney," Reinecke could not invoke defendant's right to counsel.[2] Defendant relies on *State v. Haynes*, 288 Or 59, 70, 602 P2d 272 (1979), *cert den* 446 US 945 (1980), for the proposition that, because Reinecke was an identified attorney who was "actually available" and sought an opportunity to consult with defendant, and police authorities did not inform defendant of that fact, the breathalyzer test results and all subsequent statements of defendant must be suppressed.

A suspect's right to counsel during custodial interrogation derives from the prohibition against compelled self-incrimination. *Id.* at 71. A suspect may waive the right to counsel, but that waiver must be knowing and voluntary under the circumstances. *State v. Elstad*, 78 Or App 362, 365-67, 717 P2d 174, *rev den* 302 Or 36 (1986). A suspect who is in custody also may invoke the right to counsel after an initial waiver. In such a circumstance, all questioning must cease.

---

[1] Article I, section 12, of the Oregon Constitution, provides, in part:

"No person shall * * * be compelled in any criminal prosecution to testify against himself."

[2] The state's alternative argument is that, under Ballot Measure 40, passed by Oregon voters on November 5, 1996, we should apply current federal analysis under the United States Constitution and that the United States Supreme Court's decision in *Moran v. Burbine*, 475 US 412, 106 S Ct 1135, 89 L Ed 2d 410 (1986), also compels reversal. Because the result in this case is the same under state and federal constitutional analyses, we need not reach that argument.

*State v. Kell*, 303 Or 89, 95-96, 734 P2d 334 (1987). In *Haynes*, the Supreme Court held that when

> "an identified attorney is actually available and seeking an opportunity to consult with [the suspect], and the police do not inform [the suspect] of that fact, any statement or the fruits of any statement obtained after the police themselves know of the attorney's efforts to reach the arrested person cannot be rendered admissible on the theory that the person knowingly and intelligently waived counsel."

*Haynes*, 288 Or at 70. For purposes of the analysis in *Haynes*, an attorney is one who is, or who is asked to become, the suspect's attorney. *Id.* at 72. An identified attorney must have a current attorney-client relationship for the specific crime to invoke the suspect's right to counsel and suspend interrogation regarding that crime. *State v. Charboneau*, 323 Or 38, 57, 913 P2d 308 (1996). A third party can retain an attorney on the suspect's behalf and then that attorney may invoke the suspect's right to counsel. *See Haynes*, 288 Or at 62 (the defendant's wife retained an attorney who effectively invoked the defendant's right to counsel by calling the police station and asking to speak with him).

■    In this case, defendant knowingly and voluntarily waived his right to counsel following his arrest for DUII, and he voluntarily submitted to a breathalyzer test. The trial court concluded that defendant and Reinecke did not have an attorney-client relationship when defendant was arrested for DUII, nor did defendant seek to establish one after being advised of his right to counsel. Reinecke learned about defendant's arrest when a police officer delivered defendant's car keys to him, as defendant requested, because Reinecke was his landlord. On his own initiative and without any attorney-client relationship, Reinecke called the police department and asked to confer with defendant. Under these facts, defendant's reliance on *Haynes* is misplaced. Reinecke was not an "identified attorney" authorized to invoke defendant's right to counsel. The trial court erred in granting defendant's motion to suppress.

Reversed and remanded.